IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JESSE HILLS, JR., FREDERIC** | * | Civil Action No. |
| **MOSLEY, DARRL ROBERT,** | * | |
| **KAREEM STEWART, EUGENE** | * | |
| **WATSON AND JOE WILLIAMS,** | * | Section-        Magistrate |
|                    Plaintiffs | * | |
| VERSUS | * | |
| | * | |
| **LASHIP, LLC, and ABBIE** | * | |
| **CHAMPAGNE,** | * | |
|                    Defendants | * | |

**COMPLAINT AND JURY DEMAND**

NOW INTO COURT, through undersigned counsel, come plaintiffs, JESSE HILLS, JR. (hereinafter "HILLS"), FREDERIC MOSLEY (hereinafter "MOSLEY"), DARRL ROBERT (hereinafter "ROBERT"), KAREEM STEWART (hereinafter "STEWART"), EUGENE WATSON (hereinafter "WATSON") and JOE WILLIAMS (hereinafter "WILLIAMS"), who file this Complaint and Jury Demand against Defendants, LASHIP, LLC (hereinafter, "LaShip") and ABBIE CHAMPAGNE (hereinafter "Champagne").

### NATURE OF THE CLAIMS

1.      This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant LaShip's unlawful discrimination, harassment and retaliation against the Plaintiffs due to their race/color and because of their complaints about unlawful discrimination, harassment and retaliation in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e,

et seq. (Title VII); and of La. R.S. 23:332, Intentional Discrimination in Employment, and violations of 26 U.S.C. § 2601, relative to the Family and Medical Leave Act.

2.      This action additionally seeks equitable relief, as well as monetary damages, to redress Defendant Abbie Champagne's violations of La. R.S. 14:45 and La. R.S. 14:107.2 perpetrated against Plaintiff Frederic Mosley.

3.      Plaintiffs also seek relief under the theory of *respondeat superior*, against Defendant LaShip.

4.      This suit arises out of Defendant LaShip's pattern of discrimination against persons of African American descent and their subsequent discharge from employment based upon their race/color and/or retaliation for filing charges alleging discriminatory practices.  These actions were in violation of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e, *et seq*., (Title VII) and La. R.S. 23:322 (Intentional Discrimination in Employment, La. C.C. 2315).

## PARTIES

5.      Plaintiff, Jesse Hills, Jr., is a person of the full age of majority domiciled in the Parish of Jefferson, State of Louisiana.  Mr. Hills, filed charge number 461-2015-00863 with the Equal Employment Opportunity Commission (hereinafter EEOC) on March 6, 2015; and received his Right to Sue Letter on or about August 26, 2015.  At all times relevant, Mr. Hills met the definition of "employee" under the applicable statutes.

6.      Plaintiff, Frederic Mosley, is a person of the full age of majority, domiciled in the Terrebonne Parish, State of Louisiana.  Mr. Mosley filed charge number 461-2015-00932 at the EEOC on March 18, 2015 and received his Right to Sue Letter on or about September 23, 2015.  At all times relevant, Mr. Mosley met the definition of "employee" under the applicable statutes.

7.      Plaintiff, Darrl Robert, is a person of the full age of majority, domiciled in Jefferson Parish, State of Louisiana.  Mr. Robert filed charge number 461-2015-00430 at the EEOC on December 12, 2014 and received his Right to Sue Letter on or about August 13, 2015.  At all times relevant, Mr. Robert met the definition of "employee" under the applicable statutes.

8.      Plaintiff, Kareem Stewart, is a person of the full age of majority, domiciled in Jefferson Parish, State of Louisiana.  Mr. Stewart filed charge number 461-2015-00862 at the EEOC on March 6, 2015 and received his Right to Sue Letter on or about August 26, 2015.  At all times relevant, Mr. Stewart met the definition of "employee" under the applicable statutes.

9.      Plaintiff, Eugene Watson, is a person of the full age of majority, domiciled in Terrebonne Parish, State of Louisiana.  Mr. Watson filed charge numbers 461-2015-00551 and 461-2015-00851 at the EEOC on January 8, 2015 and March 5, 2015, respectively.  He received his Right to Sue Letters for both charges on or about August 11, 2015.  At all times relevant, Mr. Watson met the definition of "employee" under the applicable statutes.

10.     Plaintiff, Joe Williams, is a person of the full age of majority, domiciled in Lafourche Parish, State of Louisiana.  Mr. Williams filed charge number 461-2015-01245 at the EEOC on June 22, 2015 and received his Right to Sue Letter on or about August 12, 2015.  At all times relevant, Mr. Williams met the definition of "employee" under the applicable statutes.

11.     All plaintiffs are African American males who were employed by defendant, LaShip, LLC.  All plaintiffs all reside within the jurisdiction of the Eastern District Court of the State of Louisiana.

12.     Defendant, LaShip, LLC is a domestic limited liability company registered to do business within the State of Louisiana.  The principal place of business of LaShip, LLC is located at

16201 East Main Street; Cut Off, Louisiana 70345 in Lafourche Parish; which is within the

jurisdiction of the Eastern District Court of the State of Louisiana.

13.    Defendant, Abbie Champagne, is a resident of the age of majority residing in the City of

Houma, State of Louisiana and who was employed at all time relevant by Defendant LaShip and

who resides within the jurisdiction of the Eastern District Court of the State of Louisiana.

## JURISDICTION AND VENUE

14.    This Honorable Court has subject matter jurisdiction over this matter because federal

questions arise under 28 U.S.C. §1331 and 28 U.S.C. § 1343.   Furthermore, 42 U.S.C. § 1981,

relative to the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, as amended

(42 U.S.C. §2000e, *et seq*.), and 26 U.S.C. § 2601, also establish the subject matter jurisdiction

of this Honorable Court.   Supplemental jurisdiction over state law claims is authorized under 28

U.S.C. §1367.

15.    This Honorable Court has personal jurisdiction over Defendant, LaShip, LLC, because it

is a limited liability company, licensed to do and doing business in Lafourche Parish, Louisiana

and the company has substantial contacts with the State of Louisiana.   Personal jurisdiction

exists over Defendant Abbie Champagne because he is a citizen of the State of Louisiana who

was an employee of Defendant LaShip at all time relevant.

16.    Venue is proper in the Eastern District of the State of Louisiana under 42 U.S.C.

§2000e(5)(f)(3) because 1) the unlawful employment practices alleged were committed within

the judicial district; 2) upon information and belief, the employment records relevant to such

practices are maintained and administered within the judicial district; and 3) the defendant's

principal place of business is in this judicial district.   Furthermore, venue is proper in this district

under 28 U.S.C. §1391 (a)(1),(b)(1) because all parties, including the defendants, reside within the district.

17.     These individual plaintiffs are properly joined under 28a U.S.C. §20(a)(1) which defines Permissive Joinder of Parties and requires that the facts and circumstances of each of individual plaintiff's claims arise out of the same acts, transactions, series of transactions and/or occurrences and that the plaintiffs assert the liability of the defendant jointly and severally.  (See: Fed. R. Civ. P. 20(a).)  The circumstances and series of transactions alleged below are common to all of the plaintiffs' claims against the same defendant.

18.     Each plaintiff complied with the statutory prerequisites to filing this action by: a) filing a charge with the EEOC, b) receiving a Right to Sue Letter and c) filing this lawsuit within the time limits.   LaShip had at least thirty days actual notice of the litigation because it participated in and/or was notified of the EEOC investigations and its counsel has engaged in discussions with the plaintiffs' attorneys between April 2015 and the date of filing of the action.

## FACTS

### STATEMENT OF FACTS COMMON TO ALL PLAINTIFFS

19.     All plaintiffs were African American employees of LaShip, LLC, who were victims of racial discrimination and retaliation by their employer.  LaShip, LLC employs more than twenty persons full time within the State of Louisiana.  All plaintiffs were discharged from their employment on or before March 3, 2015.

20.     Greg Adams is in a position of supervision and management in LaShip, LLC and oversees the Houma shipyard.

21.     Plaintiffs, as well as other African American employees, were prohibited from and penalized for using the nicer lavatories to which white employees had unfettered access.  African

Americans employees were required to utilize dirty bathrooms in the main building or to use a bathroom that frequently featured racist graffiti, such as seen in Exhibit A, attached.

22.     White employees were entitled to use water from coolers provided by the company; and African American employees' drinking water was dispensed from containers that provided only water consistent with ambient temperature.

23.     Defendant Abbie Champagne was a supervisor in the carpenters' department.

24.     Plaintiffs, as well as other African American employees, were frequently underpaid and received fewer raises or promotions, despite their experience and positions, when compared to white employees performing similar tasks.

25.     In order to report an absence, LaShip employees were required to call the phone number (985) 608-5000 to provide the reason for their absence.  Plaintiffs, as well as other African American employees, were chastised and penalized and falsely accused of absenteeism when using these channels to report legitimate absences.  White employees did not receive such treatment.

26.     Plaintiffs, as well as other African American employees, were frequently denied lucrative or favorable assignments, in comparison with white employees who frequently enjoyed assignments with desirable working conditions, requirements, or hours.

27.     Plaintiffs, as well as other African American employees, were frequently assigned to the most undesirable assignments.  White employees were almost never received those assignments.

28.     Plaintiffs, as well as other African American employees, frequently observed nooses on the shipyard.

## STATMENT OF FACTS WITH RESPECT TO JESSE HILLS

29.     Plaintiff HILLS began employment as an experienced carpenter in approximately July 1997.  He worked at the LaShip shipyard beginning in 2013 as a subcontractor employed by Jamestown Metal.  Plaintiff HILLS was paid approximately $14.00/hour upon commencing his employment as a skilled carpenter in 1997 with North American Fabricators.  Plaintiff HILLS was promoted to foreman in approximately June 1998, and was paid approximately $18.00/hour. He received periodic raises until approximately October 2013, when his pay reached his peak of $28.50/hour.  At that time, his employer was the precursor to LaShip, LLC, namely North American Fabricators, LLC.  In 2011, LaShip, LLC hired HILLS and many other North American Fabricators, LLC employees who were working at the LaShip location in Houma, Louisiana to continue in their respective trades.

30.     In October 2013, HILLS was disciplined for allegedly sleeping while on duty, due to a photograph taken an as yet unidentified coworker.  As a result of this allegation, HILLS was suspended without pay for three (3) days and demoted to base carpenter, ("placed back on his tools.")  Upon returning from his suspension, HILLS was permanently demoted with a lower wage which was set unilaterally by Greg Adams.  In contrast, white foreman and Defendant, Abbie Champagne, received a temporary demotion and wage cut followed soon thereafter by reinstatement to his position as supervisor for egregious conduct against an African American employee.

31.     During his tenure with LaShip, Plaintiff HILLS observed numerous incidents of racist paraphernalia and/or commentary, "jokes" or behavior.  Racist graffiti was frequently present in the bathrooms on the premises of LaShip, one example of which is present in Exhibit A, which displays the text "Nigers (sic) need to go back to Africa."

32.     On at least one occasion, Plaintiff HILLS arrived at work to begin his duty on a ship where he observed a noose hanging from a pipe.  Upon information and belief, LaShip never identified, nor disciplined, whoever was involved in this incident.

33.     In summary, Plaintiff HILLS received a disciplinary action of three days' unpaid suspension, a wage cut, and demotion of his title, duties, and responsibilities for a mere *allegation* of being asleep on the job.

34.     Plaintiff HILLS was terminated on March 2, 2015.

### STATEMENT OF FACTS WITH REGARD TO FREDERIC MOSLEY

35.     Plaintiff MOSLEY began employment with GulfShip, LLC (a sister company to defendant, LaShip) in Gulfport, Mississippi on or about May 23, 2012.  In September 2013  he was transferred to the LaShip Houma yard, with the understanding that it was a lateral transfer as a carpenter at the wage of $16.00/hour.  However, when MOSLEY began to work at LaShip Houma yard, he was downgraded to a carpenter's helper at the wage of $14.00/hour. Nevertheless, he was still  expected to perform the same labor and duties as a carpenter, but at the lower wage.

36.     One morning in March 2014, while en route to an assignment in Forchon, MOSLEY was in a van with Defendant Abbie Champagne and three other white LaShip employees.  Before sunrise, the van stopped.  Unknown individuals wearing white masks and hoods physically restrained and shook MOSLEY awake.  These individuals continued to scream and threaten MOSLEY's life as the van drove off into an unlit, wooded area. MOSLEY later learned that Defendant Abbie Champagne was one of the individuals who wore a white hood or mask and threatened his life in the van.  The day before this incident, Abbie Champagne informed

MOSLEY that he should avoid being pulled over by police in this region because of heavy KKK activity.

37.     Defendant Abbie Champagne's actions constitute the crime of simple kidnapping and violation of Louisiana Hate Crime statute..

38.     LaShip discriminated against Plaintiff MOSLEY in that he was restricted to a maximum stay in the shipyard trailer for a period of up to ninety (90) days. White employees were allowed to stay beyond ninety (90) days.

39.     In addition, MOSLEY was forbidden any visitors, including MOSLEY's children or family members, unless they were employees of Chouest companies. In contrast, white employees who lived in the trailers faced no restrictions on visitors.

40.     Plaintiff MOSLEY received a lower starting wage and lower periodic wage increases than similarly situated white employees, many with less experience.

41.     Plaintiff MOSLEY often observed racist graffiti around the shipyard, including, but not limited to what is displayed in Exhibit A.

42.     Plaintiff MOSLEY was terminated on March 2, 2015, along with the remaining African American employees.

**STATEMENT OF FACTS WITH REGARD TO DARRL ROBERT**

43.     ROBERT is a carpenter by trade with thirty-five (35) years of experience. On or about June 19, 2012, ROBERT began employment with LaShip with a starting wage began at $18.00 per hour.  White carpenters received higher hourly wages upon commencing employment.

44.     In April 2014, ROBERT filed a complaint about an incident involving co-plaintiff MOSLEY through a complaint hotline.  Two days later, ROBERT was fired.  Approximately thirty-seven days later, ROBERT was rehired and recovered all pay and benefits for time lost

with written assurance maintaining his seniority.   Despite the written assurance, ROBERT continued to receive the most menial assignments.  Lucrative and desirable assignments continued to be awarded to white carpenters.  Less experienced white carpenters with lower seniority consistently received lucrative and desirable assignments that ROBERT requested.

45.     Between May and June 2014, ROBERT arrived at work and discovered a noose in his work space.  ROBERT delivered the noose to Greg Adams.  Later that day, ROBERT checked with Greg Adams and saw the noose had been cut open.  Greg Adams told ROBERT that it was merely a rope used to carry a bucket.

46.     LaShip treated ROBERT inferior to white carpenters.  Plaintiff ROBERT worked in an environment  rife with racial hostility and animus, including, but not limited to, racist "jokes," and racist graffiti characterizing African Americans poorly and racist graffiti frequently displayed in the bathroom.  See Exhibit A.

47.     After frequent requests, ROBERT finally received a galley assignment[1] near the end of December 2014.  However, ROBERT was not allowed begin that work until approximately early February 2015.

48.     Over the course of the month of February 2015, ROBERT was removed from his galley assignment on the allegations of slow progress, despite having nearly completed the assignment.

49.     From his removal until March 2, 2015, ROBERT was assigned menial tasks.

50.     On or about March 2, 2015, ROBERT, as well as all the remaining African American carpenters were terminated.

---

[1] A galley assignment is construction of a kitchen on a ship and considered a desirable assignment

51.     In addition to being treated inferior to white carpenters, ROBERT was exposed to a work environment rife with racial hostility and animus, including, but not limited to, racist "jokes" characterizing African Americans poorly and racist graffiti frequently displayed in the bathroom.

## STATEMENT OF FACTS WITH REGARD TO KAREEM STEWART

52.     Plaintiff STEWART began as a painter's helper in January 2010 and was the only African-American painter's helper.  STEWART's starting wage was $10.25/hour.

53.     Later, STEWART was ordered to operate a crane, despite lacking the proper training or certification.  White employees were not ordered to perform such tasks.  STEWART refused and LaShip threatened termination or disciplinary action.

54.     While STEWART assisted a crane operator on the LaShip yard, STEWART observed a depiction of an African-American man hanging from a noose from a crane.

55.     Nooses, actual or depictions thereof, were often present on LaShip worksites.

56.      STEWART reported some, but not all, incidents, for fear of retaliation, to supervisors and through the anonymous complaint line.

57.     STEWART was denied access to necessary equipment which was visible to him, ostensibly for lack of availability. However, STEWART observed white employees receive necessary equipment as requested.

58.     Plaintiff STEWART was terminated on February 27, 2015, with the other African American employees.

## STATEMENT OF FACTS WITH REGARD TO EUGENE WATSON

59.     Plaintiff WATSON began working at the Houma shipyard in approximately March 2009 for $16.00/hour as a carpenter.

60.     Over the course of his employment, LaShip denied WATSON pay raises that were routinely provided to white carpenters.

61.     WATSON was ordered to serve as temporary foreman on multiple occasions and was told he would receive a standard foreman wage.  However WATSON was only paid a supplement of $2.00/hour for the carpenter foreman position, rather than the standard $28.00/hour carpentry foreman's rate.

62.     Moreover, like his co-plaintiffs, WATSON worked in a racially hostile environment where racist jokes, commentaries, and depictions were rampant.  See Exhibit A.

63.     WATSON was terminated on or about March 2, 2015.

## STATEMENT OF FACTS WITH REGARD TO JOE WILLIAMS

64.     Plaintiff WILLIAMS began employment with LaShip as an electrician's helper at a wage of $10.00/hour.

65.     LaShip discharged WILLIAMS based upon allegations of absenteeism and for failure to report absences through proper channels.  However, in fact, WILLIAMS informed Defendant LaShip as required through the proper phone number and procedure of the absences in question.

66.     WILLIAMS could not report to work on multiple occasions over the course of the second half of 2014 due to his father's terminal ill, requiring WILLIAMS' presence. LaShip cited WILLIAMS for absenteeism and failure to report, despite his compliance with protocol and in violation of FMLA.

67.     Additionally, WILLIAMS injured his knee while at work at LaShip on the morning of January 14, 2015.  WILLIAMS  informed LaShip through proper protocol and returned home to recuperate.  WILLIAMS informed LaShip through proper protocol that he was still not able to return to work due to issues with his knee.  WILLIAMS was discharged from employment with

LaShip allegedly for absenteeism and failure to report absences, despite following protocol and recuperating from his injury and in violation of FMLA.

68.     In addition to the above, WILLIAMS suffered disparate treatment compared to white electrician's helpers when he performed electrician's tasks, but only paid at the electrican's helper's rate.

69.     In addition, WILLIAMS suffered disparate treatment when he performed electrician's tasks when LaShip failed to issue him necessary tools and/or refused reimburse him for expenses incurred to purchase necessary tools.  White employees in the electrical department did not face these restrictions.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Discrimination in Violation of 42 U.S.C. §1981

70.     Plaintiffs hereby repeat and re-allege each and every allegation of fact set forth above as if copied here *in extenso*.

71.     Defendant, LaShip, discriminated against the Plaintiffs on the basis of their race/color (African American/Black) in violation of 42 U.S.C. §1981.  Defendant LaShip denied the plaintiffs the same terms and conditions of employment enjoyed by white employees, including, but not limited to, subjecting the Plaintiffs to disparate working conditions and denying the Plaintiffs the opportunity to work in an employment setting free of unlawful harassment.

72.     Defendant LaShip discriminated against the Plaintiffs on the basis of their race/color (African American/Black) in violation of 42 U.S.C. §1981.  Defendant LaShip denied the plaintiffs the same terms and conditions of employment enjoyed by white employees, including,

but not limited to, creating, fostering and accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiffs on the basis of their race/color.

73.     As a direct and proximate result of Defendant LaShip's unlawful and discriminatory conduct in violation of 42 U.S.C. §1981, Plaintiffs suffered and continue to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which they are entitled to an award of monetary damages and other relief.

74.     Defendant LaShip's unlawful and discriminatory conduct in violation of 42 U.S.C. §1981 was outrageous and malicious, was intended to injure Plaintiffs, and was done with conscious disregard of Plaintiffs' civil rights, entitling Plaintiffs to an award of punitive damages.

## SECOND CAUSE OF ACTION

Retaliation in Violation of 42 U.S.C. §1981

75.     Plaintiffs hereby repeat and re-allege each and every allegation in Paragraphs 1 through 69 inclusive, as if copied herein *in extenso.*

76.     Defendant LaShip retaliated against the Plaintiffs in violation of 42 U.S.C. §1981 for opposing and/or complaining of Defendant LaShip's discriminatory practices against themselves and other employees of LaShip by, among other actions, subjecting Plaintiffs to acts of further discrimination, harassment and humiliation, encouraging and/or coercing Plaintiffs' co-workers to give false statements contradicting Plaintiffs' allegations of discrimination, harassment and/or retaliation and by firing Plaintiffs.

77.     As a direct and proximate result of Defendant LaShip's unlawful and retaliatory conduct in violation of 42 U.S.C. §1981, Plaintiffs have suffered and continue to suffer from severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which the Plaintiffs are entitled to an award of monetary damages and other relief.

78.     Defendant LaShip's unlawful and retaliatory conduct in violation of 42 U.S.C. §1981 was outrageous and malicious, intended to injure the Plaintiffs and done in conscious disregard of Plaintiffs' civil rights, entitling the Plaintiffs to an award of punitive damages.

### THIRD CAUSE OF ACTION

Discrimination in Violation of 42 U.S.C. §2000e, *et seq*. (Title VII)

79.     Defendant, LaShip, discriminated against the Plaintiffs on the basis of their race/color (African American/Black) in violation of 42 U.S.C. §2000e, *et seq* (Title VII).  Defendant LaShip denied the plaintiffs the same terms and conditions of employment enjoyed by white employees, including, but not limited to, subjecting the Plaintiffs to disparate working conditions and denying the Plaintiffs the opportunity to work in an employment setting free of unlawful harassment.

80.     Defendant LaShip discriminated against the Plaintiffs on the basis of their race/color (African American/Black) in violation of 42 U.S.C. §2000e, *et seq*. (Title VII).  Defendant LaShip denied the plaintiffs the same terms and conditions of employment enjoyed by Caucasian /white employees, including, but not limited to, creating, fostering and accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiffs on the basis of their race/color.

81.    As a direct and proximate result of Defendant LaShip's unlawful and discriminatory conduct in violation of 42 U.S.C. §2000e, *et seq*. (Title VII), Plaintiffs suffered and continue to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which they are entitled to an award of monetary damages and other relief.

82.    Defendant LaShip's unlawful and discriminatory conduct in violation of 42 U.S.C. §2000e, *et seq*. (Title VII) was outrageous and malicious, intended to injure Plaintiff, and done with conscious disregard of Plaintiffs' civil rights, entitling Plaintiffs to an award of punitive damages.

**FOURTH CAUSE OF ACTION**

Retaliation in Violation of 42 U.S.C. §2000e, *et seq*. (Title VII)

83.    Plaintiffs hereby repeat and re-allege each and every allegation in Paragraphs 1 through 69 inclusive, as if copied herein *in extenso*.

84.    Defendant LaShip retaliated against the Plaintiffs in violation of 42 U.S.C. §2000e *et seq*. for opposing and/or complaining of Defendant LaShip's discriminatory practices against themselves and other employees of LaShip by, among other actions, subjecting Plaintiffs to acts of further discrimination, harassment and humiliation, encouraging and/or coercing Plaintiffs' co-workers to provide false statements to contradict Plaintiffs' allegations of discrimination, harassment and/or retaliation and by firing Plaintiffs.

85.    As a direct and proximate result of Defendant LaShip's unlawful and retaliatory conduct in violation of 42 U.S.C. §2000e *et seq.*, Plaintiffs have suffered and continue to suffer from

severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which the Plaintiffs are entitled to an award of monetary damages and other relief.

86.     Defendant LaShip's unlawful and retaliatory conduct in violation of 42 U.S.C. §2000e *et seq.* was outrageous and malicious, was intended to injure the Plaintiffs and done in conscious disregard of Plaintiffs' civil rights, entitling the Plaintiffs to an award of punitive damages.

## FIFTH CAUSE OF ACTION

Discrimination in Violation of La. R.S. 23:332

87.     Plaintiffs hereby repeat and re-allege each and every allegation of fact set forth above as if copied here *in extenso.*

88.     Defendant, LaShip, discriminated against the Plaintiffs on the basis of their race/color (African American/Black) in violation of La. R.S. 23:332.  Defendant denied the plaintiffs the same terms and conditions of employment enjoyed by white employees, including, but not limited to, subjecting the Plaintiffs to disparate working conditions and denying the Plaintiffs the opportunity to work in an employment setting free of unlawful harassment.

89.     Defendant LaShip discriminated against the Plaintiffs on the basis of their race/color (African American/Black) in violation of La. R.S. 23:332.  Defendant LaShip denied the plaintiffs the same terms and conditions of employment enjoyed by white employees, including, but not limited to, creating, fostering and accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiffs on the basis of their race/color.

90.     As a direct and proximate result of Defendant LaShip's unlawful and discriminatory conduct in violation of La. R.S. 23:332, Plaintiffs suffered and continue to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which they are entitled to an award of monetary damages and other relief.

91.     Defendant LaShip's unlawful and discriminatory conduct in violation of La. R.S. 23:332 was outrageous and malicious, was intended to injure Plaintiff and done with conscious disregard of Plaintiffs' civil rights, entitling Plaintiffs to an award of attorney's fees under La. R.S. 23:303.

### SIXTH CAUSE OF ACTION

Violation of La. R.S. 14:45(A)(1)

92.     Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 69  inclusive, as if copied herein *in extenso.*

93.     Defendant CHAMPAGNE is liable to Plaintiff MOSLEY for his actions in the March 2014 incident in which MOSLEY was physically restrained against his will and transported to an unlit wooded area under threat of bodily injury or death by individuals wearing white hoods. Defendant CHAMPAGNE later revealed himself as the organizer and perpetrator of the March 2014 incident. At all times relevant, MOSLEY did not provide or exhibit consent to these actions.  These actions constitute simple kidnapping, relative to La. R.S. 14:45(A)(1).

### SEVENTH CAUSE OF ACTION

Violation of La. R.S. 14:107.2(A)

94.     Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 69  inclusive, as if copied herein *in extenso.*

95.     Defendant CHAMPAGNE is liable to Plaintiff MOSLEY for his actions in the March 2014 incident in which MOSLEY was physically restrained against his will and transported to an unlit wooded area under threat of bodily injury or death by individuals wearing white hoods. Defendant CHAMPAGNE later revealed himself as the organizer and perpetrator of the March 2014 incident. At all times relevant, MOSLEY did not provide or exhibit consent to these actions..  These actions constitute violation of Louisiana Hate Crime statute, relative to La. R.S. 14:107.2(A) and simple kidnapping, relative to La. R.S. 14:45(A)(1).

## EIGHTH CAUSE OF ACTION

Violation of 26 U.S.C. § 2601

94.     Plaintiff WILLIAMS hereby repeats and re-alleges each and every allegation in paragraphs 1 through 69 inclusive, as if copied herein *in extenso*.

95.     Defendant LaShip is liable to Plaintiff WILLIAMS for penalizing WILLIAMS in violation of 26 U.S.C. § 2601, relative to the Family Medical Leave Act, with respect to (1) WILLIAMS tending to his terminally ill father and (2) WILLIAMS tending to his injured foot after being injured while at work. Defendant LaShip is liable unto WILLIAMS for statutory, compensatory, treble, punitive damages and attorneys' fees.

## NINTH CAUSE OF ACTION

Retaliation in Violation of La. R.S. 23:332

96.     Plaintiffs hereby repeat and re-allege each and every allegation in Paragraphs 1 through 69 inclusive, as if copied herein *in extenso*.

97.     Defendant LaShip has retaliated against the Plaintiffs in violation of La. R.S. 23:332 for opposing and/or complaining of Defendant LaShip's discriminatory practices against themselves

and other employees of LaShip by, among other actions, subjecting Plaintiffs to acts of further discrimination, harassment and humiliation, encouraging and/or coercing Plaintiffs' co-workers to give false statements to contradict Plaintiffs' allegations of discrimination, harassment and/or retaliation and by firing Plaintiffs.

98.    As a direct and proximate result of Defendant LaShip's unlawful and retaliatory conduct in violation of La. R.S. 23:332 Plaintiffs suffered and continue to suffer from severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which the Plaintiffs are entitled to an award of monetary damages and other relief.

99.    Defendant LaShip's unlawful and retaliatory conduct in violation of La. R.S. 23:332 was outrageous and malicious, intended to injure the Plaintiffs, and done in conscious disregard of Plaintiffs' civil rights, entitling the Plaintiffs to an award of attorney's fees under La. R.S. 23:303.

## TENTH CAUSE OF ACTION

### Negligent Hiring, Retention and Supervision

100.    Plaintiffs hereby repeat and re-allege each and every allegation in paragraphs 1 through 69 inclusive, as if copied herein *in extenso*.

101.    Defendant LaShip violated its duty as Plaintiffs' employer to provide a safe workplace and to take reasonable steps to determine the fitness of Plaintiffs' co-workers, supervisors and management to reasonably supervise Plaintiffs' co-workers and supervisors.  Among other actions, Defendant LaShip failed and refused to investigate and/or take appropriate disciplinary or other actions in response to Plaintiffs' verbal and written complaints of discriminatory and harassing conduct in the course and scope of their employment by their co-workers, supervisors

and/or management on the basis of their race/color, including but not limited to, threats of violence and grievous physical injury against Plaintiff MOSLEY by other LaShip employees. Defendant LaShip had actual knowledge of the undue risk of harm to which it was exposing Plaintiffs based upon their repeated written and verbal complaints to supervisors and the LaShip human resources department, including, but not limited to, the company hotline.

102.   As a direct and proximate result of Defendant LaShip's breach of duty to supervise its employees, Plaintiffs suffered injuries and have incurred damages.

103.   As a result of the acts of the defendant, the each of the plaintiffs sustained economic, medical and emotional losses.

104.   Jesse Hills, Jr. itemizes his damages as follows:

    A.  Past lost wages;

    B.  Past, present and future emotional pain and sufferings;

    C.  Medical bills;

    D.  Attorney's fees.

105.   Frederic Mosley itemizes his damages as follows:

    A.  Past lost wages;

    B.  Past, present and future emotional pain and sufferings;

    C.  Medical bills;

    D.  Damages due to tortious conduct;

    E.  Attorney's fees.

106.   Darrl Robert itemizes his damages as follows:

    A.  Past lost wages;

    B.  Past, present and future emotional pain and sufferings;

C. Medical bills;

D. Attorney's fees.

107.    Kareem Stewart itemizes his damages as follows:

A. Past lost wages;

B. Past, present and future emotional pain and sufferings;

C. Medical bills;

D. Attorney's fees.

108.    Eugene Watson itemizes his damages as follows:

A. Past lost wages;

B. Past, present and future emotional pain and sufferings;

C. Medical bills;

D. Attorney's fees.

109.    Joe Williams itemizes his damages as follows:

A. Past lost wages;

B. Past, present and future emotional pain and sufferings;

C. Medical bills;

D. Statutory damages due to violations of FMLA;

E. Attorney's fees.

110.    Plaintiffs aver amicable demand without avail.

111.    Plaintiffs request the following pecuniary and non-pecuniary relief:

A)  A declaratory judgment that the actions, conduct and practices of the Defendants
    complained of herein violate the laws of the United States of American and the State
    of Louisiana;

B) An injunction and order permanently enjoining the Defendants from engaging in such unlawful conduct;

C) An order directing Defendant LaShip to place Plaintiffs in the positions that they would have occupied but for Defendants' discriminatory and harassing treatment and otherwise unlawful treatment of them, as well as to take such affirmative action(s) as necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect the Plaintiffs' employment and personal lives;

D) An award of damages in an amount to be determined at Trial.

WHEREFORE, petitioner prays that the Defendants LASHIP, LLC and ABBIE CHAMPAGNE be duly served and cited to appear and answer this Complaint, and that after all legal delays, that there be judgment in favor of Plaintiffs JESSE HILLS, FREDERIC MOSLEY, DARRL ROBERT, KAREEM STEWART, EUGENE WATSON, and JOE WILLIAMS and against LASHIP, LLC and ABBIE CHAMPAGNE, jointly, severally and *in solido* for plaintiffs' past, present and future emotional pain and suffering, lost wages, attorney's fees and additional damages for a full and true sum, together with legal interest from the date of judicial demand until paid, for all costs of these proceedings and for all general and equitable relief.

Respectfully Submitted,

s/*Julie Anne Gardner*_____
**Julie Anne Gardner, #25679**
Gardner & Steib, Attorneys at Law, LLC
4051 Veterans Memorial Blvd.; Suite 228
Metairie, LA  70002
Email: julie.gardner.atty@gmail.com
Telephone: (504) 888-6100
Facsimile:  (504) 888-4059

Page 23

**DAYAL S. REDDY, #31928**
4051 Veterans Memorial Blvd.; Suite 226
Metairie, LA  70002
Ph: (504) 383-3606
Fax: (866) 910-5978
Email: dayalsreddy@gmail.com


Service on Defendants LASHIP, LLC and ABBIE CHAMPAGNE to be effected in accordance with Fed. R. Civ. P. 4.


s/Julie Anne Gardner
Julie Anne Gardner