**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JESSE HILLS, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5736** |
| **LASHIP, L.L.C., ET AL.** | **SECTION "S" (3)** |

**ORDER**

On March 9, 2016, Defendants' Rule 12(b)(6) Partial Motion to Dismiss [Doc. #10] came on for oral hearing before the undersigned. Present were Julie Gardner and Dayal Reddy on behalf of plaintiffs and David Korn on behalf of defendants. After the oral hearing, the Court took the motion under advisement and allowed the parties to file supplemental memoranda as to the applicability of *Carr v. Sanderson Farm, Inc.*, – So.3d –, 2016 WL 631996 (La. Ct. App. Feb. 17, 2016). The parties did so. Having reviewed the motion, the opposition, the supplemental briefs, and the case law, the Court rules as follows.

## I. Background

The complaint alleges as follows. At all times relevant, plaintiffs were employees of LaShip, L.L.C. ("LaShip"). They allege that they were all discharged from their employment on or about March 3, 2015. All plaintiffs are African-American. All of the plaintiffs suffered discriminatory treatment and retaliation for reporting of the same. They contend that they worked in a racially-hostile environment. The complaint details the specific acts of discrimination to which plaintiffs

were subjected. As examples, LaShip allegedly tolerated frequent depictions of nooses, at least two instances of a noose suspended in plaintiffs' work area, allowed the use of racist commentary, forced African-Americans to use dirty, inferior bathrooms, deprived African-Americans of access to ice water to which white employees were permitted access, subjected African-Americans to lower wages than similarly-situated white employees, failed to promote African-American employees, and allowed a mock lynching by supervisors dressed as members of the Ku Klux Klan.

Plaintiffs thus sued LaShip alleging: 1) Section 1981 Discrimination; 2) Section 1981 Retaliation; 3) Title VII Discrimination; 4) Title VII Retaliation; 5) State-law Discrimination; 6) Family and Medical Leave Act Violations; 7) State-law Retaliation; and 8) Negligent Hiring, Retention, and Supervision. Plaintiffs also sued Abbie Champagne, an employee of LaShip, alleging: 1) a violation of criminal statute La. Rev. Stat. § 14:45(A)(1); and 2) a violation of criminal statute La. Rev. Stat. § 14:107.2(A).

## II. Law and Analysis

### A. Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. *See Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). But, in deciding whether dismissal is warranted, the

Court will not accept conclusory allegations in the complaint as true. *Kaiser*, 677 F.2d at 1050. Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A corollary: legal conclusions "must be supported by factual allegations." *Id.* at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotations omitted) (citing *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original)

(citation omitted).

In deciding a motion to dismiss, the Court may consider documents that are essentially "part of the pleadings." That is, any documents attached to or incorporated in the plaintiff's complaint that are central to the plaintiff's claim for relief. *Causey v. Sewell Cadillac–Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). Also, the Court is permitted to consider matters of public record and other matters subject to judicial notice without converting a motion to dismiss into one for summary judgment. *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

**B. Application of Law**

**1. Negligence-Based Claims**

LaShip first seeks dismissal of plaintiffs' negligence-based claims. In their complaint, plaintiffs assert claims for negligent hiring, retention, and supervision. They also allege that LaShip failed to provide them with a safe work environment and to ensure the fitness of plaintiffs' co-employees and supervisors. Because plaintiffs further allege that they were all employees of LaShip, LaShip asks the Court to dismiss any negligence-based claims on the ground that plaintiffs' only remedy at law is under the Louisiana Workers' Compensation Statute, La. Rev. Stat. § 23:1032. LaShip notes that Louisiana courts have uniformly held that the workers' compensation law bars any suit by an injured employee against an employer except that based on an intentional act.

Plaintiffs countermand by arguing that – even though they labeled the cause of action as one based in negligence – all of the acts of which they complain were intentional acts by co-employees. Plaintiffs then list a litany of intentional acts by plaintiffs' supervisors and co-employees, such as

kidnaping and a mock lynching. Plaintiffs allege that LaShip acted intentionally when it failed to properly supervise the intentional acts of its supervisors, and when it hired and retained those supervisors before and after the committal of the intentional acts.

It is well-established law that the exclusive remedy for employment-related injuries based on negligence is the compensation prescribed by the Louisiana Workers' Compensation Act, La. Rev. Stat. § 23:1032. Specifically, the Louisiana's Workers' Compensation statute provides that:

> Except for intentional acts […] the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages […]

*Id.* at 23:1032(A)(1)(a).

The Louisiana Supreme Court has held that La. Rev. Stat. § 23:1032 "makes worker's compensation an employee's exclusive remedy for a work-related injury caused by a coemployee, except for a suit based on an intentional act." *White v. Monsanto Co.*, 585 So. 2d 1205, 1208 (La. 1991). The court clarified that "[t]he words 'intentional act' mean the same as 'intentional tort'" and that "[t]he legislative aim was to make use of the well established division between intentional torts and negligence." *Id.* Similarly, in *Perret v. Cytec Indus., Inc.*, 889 So. 2d 1121, 1125 (La. Ct. App. 2004), the court stated that "[t]he worker's compensation statutes, as enacted, limits the availability of tort recovery only to employees whose injuries are caused by genuine intentional acts, and anything less than intentional, whether it be gross negligence or violation of a safety rule, remains in workers' compensation."

Taking the allegations of the complaint in the light most favorable to plaintiffs, as it must, the Court can not affirmatively state at this time that plaintiffs have not stated claims of intentional torts, thereby precluding the application of the workers' compensation statute. Plaintiffs, especially

Frederic Mosely, have alleged intentional torts by both Champagne and LaShip.

In *Caudle v. Betts*, the Louisiana Supreme Court held that an employee may sue its employer in tort for an intentional act of its employees. 512 So. 2d 389, 392 (La. 1987). There, the employee sustained injuries when an officer of the employer shocked him electrically as a joke. *See id.* at 390. In reviewing the lower courts' decision, the Louisiana Supreme Court held that it "must decide whether a battery was committed and, if so, whether damages [were] recoverable under battery" for the injury that occurred. *Id.* at 391. As such, and for example, this Court must decide whether a kidnaping and/or a hate crime occurred. For purposes of pleading though, the complaint sufficiently alleges such facts. As of this time, then, the Court can not say that intentional acts by plaintiffs' supervisors did not occur.

However, plaintiffs have mislabeled the claim. The parties' supplemental memoranda on the *Carr* opinion shed light on this dispute. In their supplemental memorandum, defendants argue that the claims sound in negligence, as plaintiffs entitled them. Plaintiffs, on the contrary, argue that LaShip is vicariously liable for the intentional torts of its employees, as was the case in *Carr*. While a claim for vicarious liability is recognized by *Carr*, that is not "negligent hiring, retention, and supervision." Accordingly, the Court grants the motion as to this claim insofar as it is a misnomer. The Court will allow plaintiffs to amend their complaint to state the proper cause of action – as outlined in *Carr* – no later than ten (10) days from the date of this Order.

**2. Claims under the Criminal Statutes**

LaShip also seeks to dismiss the claims of Frederic Mosley against defendant Abbie Champagne, his supervisor, for violations of Section 14:45(A)(1) (the simple kidnaping statute) and Section 14:1027(A) (the hate crimes statute). LaShip contends that criminal statutes do not impose

civil liability in civil lawsuits. LaShip relies heavily on a case out of the Western District of Louisiana to support its argument. *Shafizadeh v. Guillory*, No. 14-1104, 2014 WL 2801331 (W.D. La. June 19, 2014). Citing their own case law, plaintiffs counter that alleging a violation of a criminal statute in a civil lawsuit does not necessarily preclude the imposition of civil liability.

Given the procedural posture of this lawsuit, this Court can not say that plaintiffs have failed to allege the potential for civil liability through the use of the criminal statutes. In *Louisiana v. Guidry*, the Fifth Circuit made short shrift of LaShip's argument:

> In denying Guidry's exception of no cause of action, the state trial court stated that "it is clear that a violation of a criminal statute may provide the basis for tort liability." In opposition, however, when the district court granted Guidry's summary judgment motion, it recognized that "criminal statutes may serve as guidelines for the imposition of civil tort liabilities," but noted that "Louisiana courts use this practice sparingly when criminal statutes such as forgery, conversion, or traffic violations are involved." On appeal, the State mischaracterizes the district court's ruling on this point as a determination that "the violation of a criminal statute cannot form the basis of a civil claim against Guidry." In truth, the district court, at most, determined that (1) violation of a criminal statute does not automatically create a civil cause of action, and (2) Guidry's conduct did not create a cause of action for the State in this case. We agree. The district court's legal analysis on this point is correct. Under Louisiana law, criminal statutes may provide the standard of care in a tort action when the other fundamental elements of a tort (duty of care, damages) are present. Alone, however, a criminal violation will not create tort liability.

489 F.3d 692, 698-99 (5th Cir. 2007); *see also Gugliuzza v. K.C.M.C., Inc.*, 606 So.2d 790, 793 (La. 1992) ("Criminal statutes are not, in and of themselves, definitive of civil liability and do not set the rule for civil liability; but they may be guidelines for the court in fixing civil liability."); *Pierre v. Allstate Ins. Co.*, 257 La. 471, 242 So.2d 821, 829-30 (1971) (same).

For the purposes of a motion to dismiss, the criminal statutes under which plaintiffs allege a violation may provide the standard of care in this lawsuit because plaintiffs have alleged the other fundamentals of intentional torts. The motion is thus denied as to these claims.

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Rule 12(b)(6) Partial Motion to Dismiss [Doc. #10] is GRANTED IN PART and DENIED IN PART as outlined above. Plaintiffs shall filed an amended complaint **no later than ten (10) days from the date of this Order** to rectify their Tenth Cause of Action.

New Orleans, Louisiana, this 23rd day of March, 2016.

Daniel E. Knowles, III

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**