UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSE HILLS, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5736** |
| **LASHIP, L.L.C., ET AL.** | **SECTION "S" (3)** |

ORDER

On April 14, 2016, Defendants' Motion to Sever [Doc. #25] came on for oral hearing by telephone before the undersigned. Present were Julie Gardner and Dayal Reddy on behalf of plaintiffs and David Korn on behalf of defendant. After the oral hearing, the court took the motion under advisement. Having reviewed the motion, the opposition, and the case law, the Court rules as follows.

**I.     Background**

The complaint alleges as follows.  At all times relevant, plaintiffs were employees of LaShip, L.L.C. ("LaShip"). They allege that they were all discharged from their employment on or about March 3, 2015. All plaintiffs are African-American. All of the plaintiffs suffered discriminatory treatment and retaliation for reporting of the same. They contend that they worked in a racially-hostile environment. The complaint details the specific acts of discrimination to which plaintiffs were subjected.  As examples, LaShip allegedly tolerated frequent depictions of nooses, tolerated at least two instances of a noose suspended in plaintiffs' work area, allowed the use of racist commentary, forced African-Americans to use dirty, inferior bathrooms, deprived African-Americans of access to ice water to which white employees were permitted access, subjected African-Americans to lower wages than similarly-situated white employees, failed to promote

African-American employees, and allowed a mock lynching by supervisors dressed as members of the Ku Klux Klan.

Plaintiffs thus sued LaShip alleging: 1) Section 1981 Discrimination; 2) Section 1981 Retaliation; 3) Title VII Discrimination; 4) Title VII Retaliation; 5) State-law Discrimination; 6) Family and Medical Leave Act Violations; 7) State-law Retaliation; and 8) Negligent Hiring, Retention, and Supervision. Plaintiffs also sued Abbie Champagne, an employee of LaShip, alleging: 1) a violation of criminal statute La. Rev. Stat. § 14:45(A)(1); and 2) a violation of criminal statute La. Rev. Stat. § 14:107.2(A).

## II. The Parties' Contentions

### A. The Motion to Sever

Six plaintiffs – three carpenters, a carpenter's helper, a painter's helper, and an electrician's helper – sue defendant, who outlines the claims of each of the six. Pointing out the different underlying factual circumstances of each of plaintiffs' claims, defendant contends that the claims do not arise out of the same transaction or occurrence. Defendant also argues that there are very few common questions of law or fact to the claims. It maintains that each plaintiff will have to put on different evidence to prove their claims, and this could cause potential jury confusion and multiple evidentiary problems. It argues that different witnesses and documentary proof will be needed for each plaintiff. Plaintiffs served different employers, worked in different jobs with different chains of command, had different job duties, and had different job assignments. They have vastly different levels of experience and different work histories, and their pay grades varied greatly.

Defendant asks the Court to sever the claims under Rule 21. If, however, the Court determines that they meet the joinder requirements of Rule 20, defendant asks that each trial proceed separately under Rule 42.

### B. Plaintiffs' Opposition

Plaintiffs contend that they have clearly set forth a series of allegations, all of which arose from discrimination at defendant's Houma facility. All plaintiffs were discharged within days of each other. Plaintiffs contend that a transaction for permissive joinder under Rule 20 may be a series of occurrences. They note that they do not allege isolated occurrences but a series of discriminatory acts and policies at defendant's facility.

Plaintiffs also contend that at least one question of law or fact is common to them. Courts do not require that all questions of law or fact be common. They note that the Eleventh Circuit has held that whether plaintiffs suffer different effects from the alleged discrimination is immaterial. Plaintiffs note that they have raised ten claims against defendant, all of which arose from their employment with defendant and because of defendant's practices. Citing several of the claims, they argue that much of the evidence and witnesses will overlap between them.

Plaintiffs point to several opinions in which the courts have denied a motion to sever when small groups of individuals, one employer, and incidents that spanned a relatively short time period are involved.

As to Rule 42, plaintiffs contend that bifurcation remains the exception rather than the rule. Plaintiffs argue that the real reason defendant asks the Court to sever the trials is because it does not want the jury to hear all of plaintiffs' combined testimony. They maintain that one jury should

hear all of the testimony regarding the hostile work environment at defendant's facility. They contend that jury instructions can be crafted to avoid any potential confusion. They assert that bifurcation is inappropriate when the claims overlap and are inextricably intertwined with those of other employees. Separate trials, they argue, would force numerous witnesses to testify at several trials and tax judicial economy.

    **C.**     **Defendants' Reply**

Defendant distinguishes the case law on which plaintiffs rely by noting that there, the plaintiffs alleged discriminatory treatment by the same actor in the same department, which is not the case here. It notes that each plaintiff will have to put on different evidence and different witnesses, and so-called "me too" evidence is prejudicial to it. Defendant admits that certain evidence – such as its policies and corporate representative – will be common to all plaintiffs but argues that the different evidence and witnesses outweigh any similarity.

**III.**     **Law and Analysis**

In order for plaintiffs' cases to be properly joined under Federal Rule of Civil Procedure 20, plaintiffs must demonstrate that both of two requirements are satisfied: First, that there is a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and second, that there is a question of law or fact that is common to plaintiffs that will arise in the action. Fed. R. Civ. P. 20(a); C. Wright et al., 7 Federal Practice and Procedure § 1653 (1986). "Generally, permissive joinder of plaintiffs under Federal Rule of Civil Procedure 20 is at the option of the plaintiffs, assuming they meet the requirements set forth in Rule 20. Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might

4

otherwise cause delay or prejudice . . . This discretion, however, should be exercised after an examination of the individual case." *Applewhite v. Reichhold Chems., Inc.,* 67 F.3d 571, 574 (5th Cir. 1995). Courts generally consider the following factors when deciding whether claims should be severed pursuant to Rule 21: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims. *See Thompson v. Ingalls Shipbuilding*, No 1:01CV111, 2006 WL 2385324, 1 (S.D. Miss. Aug. 17, 2006).

To determine what constitutes a single transaction or occurrence, a number of courts have looked to the interpretation of "transaction" under Federal Rule of Civil Procedure 13(a) compulsory counterclaims. *Porter v. Milliken & Michaels, Inc.*, No. Civ. A. 99-0199, 2000 WL 1059849 (E.D. La. Aug. 1, 2000) (Vance, J.). "Transaction, for the purposes of Rule 13(a), 'is a word of flexible meaning . . . and may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *See id.* at * 2. Also, in *Weber v. Lockheed Martin Corp.*, the court noted that the transaction and common question requirements prescribed by Rule 20(a) are not rigid tests. No. Civ. A. 00-2876, 2001 WL 274518 (E.D. La. Mar. 20, 2001) (citing Wright, Miller & Kane, Federal Practice & Procedure, § 1653 (1986)). In *Weber*, an employment discrimination case, the court found that judicial economy would be best served through severance of the parties. As to the transaction requirement, the court noted that there was no allegation that the alleged discriminatory actions were carried out by

5

common actors, at a common time or with any common tactics, and the firings took place several months apart as a result of completely different activities. The court found that to try the plaintiffs' cases together would require development of proof of two discrete universes of facts, which would be highly inefficient. Although the court found the plaintiffs' Louisiana employment discrimination claim to be common to both plaintiffs, the court found that the absence of any common issues of fact outweighed overlap of law.

"The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Thompson*, 2006 WL 2385324, at *1 (citing *Alexander v. Fulton County*, 207 F.3d 1303, 1322 (11th Cir. 2000) (en banc)). The Supreme Court of the United States has instructed lower courts to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966); *see Goodyear v. Dauterive Hosp. of New Iberia*, No. Civ. A. 07-249, 2007 WL 2066855, at *2-3 (W.D. La. July 13, 2007).

Here, the claims of the six plaintiffs are best outlined as follows:

1. Hills is a carpenter with 19 years of carpentry experience who began work as a subcontractor at LaShip's shipyard in 2013 while employed by Jamestown Metal. He was paid $28.50 per hour. In October 2013, while employed by North American Fabricators, L.L.C., Hills was allegedly disciplined for sleeping while on duty but claims this discipline was greater than that given to a white comparator for a more egregious offense. Further, Hills alleges racist graffiti was present, and once he allegedly saw a noose hanging from a pipe.

2.     Mosley is a carpenter's helper paid $14.00 an hour, employed by Gulfship L.L.C. and assigned to the LaShip Houma yard in September 2013. Mosley is the only plaintiff who brings causes of action for damages as a result of kidnapping and a hate crime (against defendant, Abbie Champagne), surrounding allegations of race-based intimidation that occurred while he was riding in a van on the way to an assignment. Mosley also alleges that his use of the company trailer was restricted in a way that whites' use was not. Further, Mosley alleges a lower starting wage and lower periodic wage increases than white comparators, and he alleges observing racist graffiti in the shipyard.

3.     Robert is a carpenter with 35 years of experience who worked directly for LaShip, beginning in June 2012.  He made $18.00 an hour. Robert filed a complaint about Mosley, and alleges he was terminated but reinstated with full back pay, and that upon his return he received more menial assignments than white comparators, and when given a desirable assignment was not permitted to complete it. Robert further alleges seeing a noose in his workspace, racist jokes, and racist graffiti.

4.     Stewart is a painter's helper whose employer is not alleged, hired in January 2010 and paid $10.25 an hour. Stewart alleges threatened discipline regarding a disagreement over operation of a crane, and further alleges seeing a depiction of a noose hanging from a crane. Further, he alleges denial of access to equipment.

5.     Watson is a carpenter working at the shipyard for LaShip who started in March 2009 at $16.00 an hour. He alleges denial of pay raises and unfair pay, as well as racist jokes and commentary.

6.     Williams was an electrician's helper with LaShip, paid $10.00 an hour, who was discharged for failure to properly report absences, and alleges a violation of the FMLA and failure to pay and provide tools similar to white comparators.

This Court has carefully reviewed the combined complaint [Doc. #1] in this lawsuit and can not escape the conclusion that too many differences – both factual and legal – abound with regard to the individual plaintiffs' claims.  Indeed, each plaintiff has his own fact section dedicated to him in the complaint.  While common issues of law and fact exist, the differences abound.  As noted, Mosley is the only plaintiff who brings a claim as a result of kidnapping and a hate crime against Champagne.  Williams is the only plaintiff to bring a claim under the FMLA.  Each plaintiff brings a particularized set of itemized damages, and it can not be doubted that each plaintiff suffered a different amount of damages.  Accordingly, while this is a close question, the Court finds that severance is proper here.[1]

Once plaintiffs' claims are severed, this Court will consolidate the lawsuits for discovery purposes only and confer with the parties so as to establish the appropriate discovery deadlines.  The Court finds that much of the discovery will overlap and to conserve the parties' and this Court's resources, consolidation for discovery is appropriate here.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Sever [Doc. #25] is GRANTED.

---

[1] Because the Court severs the lawsuits, it does not address defendants' argument under Federal Rule of Civil Procedure 42.

8

New Orleans, Louisiana, this 24th day of August, 2016.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**