UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE HILLS, JR., ET AL.                                    CIVIL ACTION

VERSUS                                                       NO. 15-5736

LASHIP, L.L.C., ET AL.                                      SECTION "S" (3)

## ORDER

On December 13, 2017, Defendant's Second Rule 12(b)(6) Partial Motion to Dismiss [Doc. #100] came on for oral hearing before the undersigned. Present were Charles Stiegler on behalf of plaintiffs and David Korn on behalf of defendant. Having reviewed the pleadings and the case law, the Court rules as follows.

## I.     Background

The complaints allege as follows. At all times relevant, plaintiffs were employees of defendant LaShip, L.L.C. ("defendant" or "LaShip"). They allege that they were all discharged from their employment on or about March 3, 2015. All plaintiffs are African-American. All of the plaintiffs suffered discriminatory treatment and retaliation for reporting of the same. They contend that they worked in a racially-hostile environment. The complaint details the specific acts of discrimination to which plaintiffs were subjected. As examples, LaShip allegedly tolerated frequent depictions of nooses, at least two instances of a noose suspended in plaintiffs' work area, allowed the use of racist commentary, forced African-Americans to use dirty, inferior bathrooms, deprived African-Americans of access to ice water to which white employees were permitted access, subjected African-Americans to lower wages than similarly-situated white employees, failed to promote African-American employees, and allowed a mock lynching by supervisors dressed as members of the Ku Klux Klan.

Plaintiffs thus sued LaShip alleging: 1) Discrimination under 42 U.S.C. § 1981; 2) Section

1981 Retaliation; 3) Discrimination under Title VII Of the Civil Rights Act of 1964; 4) Title VII Retaliation; 5) State-law Discrimination; 6) Family and Medical Leave Act Violations; 7) State-law Retaliation; and 8) Negligent Hiring, Retention, and Supervision. Plaintiffs also sued Abbie Champagne, an employee of LaShip, alleging: 1) a violation of criminal statute La. Rev. Stat. § 14:45(A)(1); and 2) a violation of criminal statute La. Rev. Stat. § 14:107.2(A).

Since the filing of the initial complaint, this case has seen a tumultuous procedural history. Attorneys have withdrawn, and new attorneys have twice enrolled in the case, which was first deconsolidated and then reconsolidated. [Doc. #98]. The Court dismissed one of the plaintiffs – Kareem Stewart –for failure to prosecute. [Doc. #88]. The Court also dismissed defendant Abbie Champagne after plaintiffs failed to list him in their second amended complaint. [Doc. #98]. Plaintiff Joe Williams now proceeds *pro se*, [Doc. #97], but four of the plaintiffs – Jesse Hills, Jr., Frederic Mosley, Darrl Robert, and Eugene Watson – have retained new counsel.

In the newest version of the lawsuit, after the grant of the second amended complaint, [Doc. #98], the four represented plaintiffs allege the following: (1) race and color discrimination pursuant to 42 U.S.C. § 1981; (2) retaliation pursuant to 42 U.S.C. § 1981; (3) race and color discrimination pursuant to Title VII of the Civil Rights Act of 1964; (4) retaliation pursuant to Title VII of the Civil Rights Act of 1964; (5) race and color discrimination pursuant to Louisiana state law; and (6) retaliation pursuant to Louisiana state law. Plaintiff Mosley also alleges a claim against LaShip for respondeat superior under Louisiana state law.

## II. The Parties' Arguments

### A. The Motion to Dismiss

Defendant first argues that plaintiffs Frederic Mosley and Jesse Hills have failed to exhaust

their retaliation claims under Title VII. Pointing to their EEOC charges, defendant notes that neither plaintiff pleads retaliation nor did they check the box for retaliation. Defendant thus contends that they are precluded from raising retaliation claims because their lawsuit is limited to the scope of the EEOC investigation.

Defendant next argues that Mosley's and Hills' claims for retaliation under Title VII, 42 U.S.C. § 1981, and Louisiana state law also fail because they have not alleged that either plaintiff filed any complaint with defendant for which they were retaliated against. Defendant maintains that there are no allegations that either Mosley or Hills engaged in any protected activity. Outlining the facts underlying both plaintiffs' claims, defendant contends that neither plaintiff alleges that he made a complaint or voiced any objections to defendant's actions.

**B.     Plaintiffs' Opposition**

Plaintiffs contend that the Fifth Circuit construes an EEOC charge broadly and reads it in terms of the administrative EEOC investigations that can reasonably be expected to grow out of the charge of discrimination. Plaintiffs admit that neither Mosley nor Hills checked the box for retaliation but argue that an investigation into retaliation reasonably grew out of their charges of discrimination. Plaintiffs contend that all four charges by the represented plaintiffs arose out of the same events and were investigated by the same EEOC investigator, Ligita Landry. Plaintiffs argue that because the other two plaintiffs, Eugene Watson and Darrl Robert, checked the box for retaliation, Landry must have investigated it. Plaintiffs note that neither Mosley nor Hills were represented at the time that they filed the EEOC charges, and the Fifth Circuit has noted that unrepresented plaintiffs need not dot every "i" and cross every "t."

With regard to the second argument, plaintiffs note that the complaint explicitly details the

attack on Mosley by Abbie Champagne and other employees. The complaint further alleges that after the attack, defendant called a meeting of all of the carpenters and threatened discipline for anyone who discussed it. Plaintiffs note that retaliation is any behavior that dissuades a reasonable worker from making or supporting a charge of discrimination.

Plaintiffs also note that both Watson and Robert lodged complaints in which they alleged discrimination against all African-Americans. Citing the Sixth Circuit, plaintiffs contend that the plaintiff who claims retaliation need not be the person who engages in the opposing conduct. Plaintiffs rely heavily on a Supreme Court case in which the Court upheld the claims of a husband who was fired in retaliation for the actions of his wife. They note that the husband was well within the zone of interests protected by Title VII. Given the broad reading of the statute, plaintiffs note that a court must determine whether a plaintiff is within the zone of protected interests based on the unique facts of each case. Plaintiffs maintain that the EEOC Compliance Manual even states that a complaint on behalf of another constitutes protected opposition by both the person who makes the complaint and the person on whose behalf the complaint was made.

C.  **Defendant's Reply**

Defendant contends that plaintiffs have misconstrued the meaning "expected to grow out of the charge." The Fifth Circuit has held that a claim is not reasonably expected to grow out of a plaintiff's EEOC charge if the claim is absent on the charge form. As recent as this year, defendant notes that the Fifth Circuit has held that a plaintiff does not exhaust his administrative remedies for a claim of retaliation when he has not marked the box for retaliation on his EEOC charge or described a claim for retaliation in his charge. More importantly, it notes that the Fifth Circuit has held that a claim for retaliation can not grow out of an EEOC charge of discrimination if the

4

plaintiff bases his claim for retaliation on his termination, and his termination occurred before the filing of the EEOC charge but retaliation is not addressed in the charge. Here, defendant contends, Mosley's and Hill's claims of retaliation did not grow out of their charges of discrimination. Rather, their claims existed before these charges were ever filed. As such, defendant maintains that Mosley and Hills were required to address their claims of retaliation in their EEOC charges in order to exhaust their administrative remedies.

Defendant notes that plaintiffs argue in a footnote that the allegation that defendant ordered the carpenters not to talk about the alleged assault on Mosley and threatened discipline for anyone who discussed it qualifies as "anticipatory retaliation." Defendant notes that there is no precedent in this circuit for such an argument.

Defendant argues that plaintiffs misconstrue the law on which they rely. For example, the case law cited the EEOC Compliance Manual, (CCH) ¶ 8006 for the proposition that a person claiming retaliation need not be the person who engaged in the opposition. However, defendant points out that the EEOC Compliance Manual provision specifically refers to "someone so closely related to or associated with the person exercising his or her statutory rights that it would discourage that person from pursuing those rights." Defendant notes that there is no such relationship between Mosley and Hills and Watson and Robert. And defendant points out that there are no allegations in the second amended complaint that LaShip fired Mosely or Hills in retaliation for the complaints made by Robert or Watson or that either Mosely or Hills was fired as a way to hurt or punish Robert or Watson.

**III.	Law and Analysis**

    **A.	Standard of Review**

In considering a motion to dismiss, the Court must accept as true all well pleaded facts and must draw all reasonable inferences from those allegations in plaintiff's favor. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To survive a Rule 12(b) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007*); In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (recognizing the *Bell* standard of review). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations, and footnote omitted). Plausible grounds "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim. "And, of course, a well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To resolve a Rule 12(b)(6) motion, the Court is generally limited to considering only those allegations appearing on the face of the complaint. However, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may be taken into account. *Chester County Intermediate Unit v. Penn. Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim." *Causey v. Sewell Cadillac Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean*

*Witter*, 224 F.3d 496, 498 99 (5th Cir. 2000)).

**B.     The Motion to Dismiss**

"Title VII requires employees to exhaust their administrative remedies before seeking judicial relief." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). "Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). The Fifth Circuit has stated that "a Title VII lawsuit may include allegations 'like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission.'" *McClain*, 519 F.3d at 273.

Here, it is undisputed that neither Mosley nor Hills checked the box for retaliation on their EEOC charges.  And while plaintiffs are correct that a retaliatory investigation may grow out of a charge of discrimination, under these circumstances, the Court finds that it would not have. "The Fifth Circuit has held that a claim is not reasonably expected to grow out of a Plaintiff's EEOC charge if the claim is absent on the charge form." *Barnes v. Rite-Aid*, No. Civ.A. 09-6629, 2010 WL 4553493, at *4 (E.D. La. Oct. 28, 2010) (citing *Kebiro v. Walmart*, 193 Fed. Appx. 365, 367 (5th Cir. 2006); *Thomas v. Dep't of Crim. Justice*, 220 F.3d 389, 395 (5th Cir. 2000). Only this year, the Fifth Circuit has held that a plaintiff does not exhaust his administrative remedies for a claim of retaliation when he has not marked the box for retaliation on his EEOC charge or described a claim for retaliation in his charge. *Anderson v. Venture Express*, 694 Fed. Appx. 243, 247 (5th Cir. 2017) ("[Plaintiff] failed to exhaust his administrative remedies by failing to include the retaliation claim in his EEOC charge, either by checking the box or describing retaliation.") (internal citations omitted).    Here, neither Mosley nor Hills marked the box for retaliation nor did

7

they describe a charge of retaliation in their charges. Accordingly, the Court finds that a retaliatory investigation would not have reasonably been expected to grow out of their charges of discrimination and that Mosley and Hills failed to exhaust their remedies on this Title VII claim.

As noted above, plaintiffs maintains that – with regard to their retaliation claims under Title VII, 42 U.S.C. § 1981, and Louisiana state law – they have pleaded sufficient facts to defeat a motion to dismiss. The Court finds otherwise. Plaintiffs essentially advance two arguments here: (1) All carpenters suffered "anticipatory retaliation" when defendant called them in and threatened anyone who discussed Mosley's incident; and (2) They are within the "zone of interests" of Robert's and Watson's allegation because they alleged retaliation on behalf of all African-Americans. The Court finds no merit in either argument.

The Court has reviewed the second amended complaint and finds that Mosley and Hill have failed to allege that they engaged in any protected activity for which they were terminated. The only allegations in the second amended complaint that pertain to Mosley and Hills are as follows: (1) they are former employees of LaShip [Doc. #99, ¶ 14]; (2) they worked within the carpentry department at LaShip [*Id.* at 15]; (3) they are African Americans [*Id.* at ¶ 20]; (4) defendant sent Mosley on an assignment during which he was physically assaulted by masked individuals [*Id.* at ¶¶ 21-26]; (5) they were both terminated [*Id.* at ¶ 58]; (6) neither plaintiff was originally on the list of carpenters to be terminated [*Id.* at ¶ 62]; (7) they were paid less than similarly-situated Caucasian employees with comparable experience and skill [*Id.* at ¶ 63]; (8) all African-American carpenters were more often given undesirable assignments [*Id.* at ¶ 71]; (9) they saw racist graffiti at the shipyard [*Id.* at ¶ 72]; (10) defendant forbade Mosley from bringing guests to the shipyard sleeping quarters while white employees were permitted to do so [*Id.* at ¶ 73]; and

(11) LaShip retaliated against the plaintiffs for opposing or complaining of defendant's discriminatory practices [*Id.* at ¶¶ 82, 93, 104].

The analytical framework for a retaliation claim is the same as that used in the employment discrimination context. *See Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998). Thus, once the plaintiff establishes a prima facie case of unlawful retaliation, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See id.* The plaintiff must then adduce evidence "that would permit a reasonable trier or fact to find that the proffered reason is a pretext for retaliation." *Id.* This burden requires the plaintiff to demonstrate that the adverse employment action would not have occurred "but for" the protected activity. *See id.*

A plaintiff establishes a prima facie case of unlawful retaliation by demonstrating that 1) he engaged in protected activity, 2) he suffered an adverse employment decision, and 3) a causal link exists between the protected activity and the adverse employment decision. *See Long v. Eastfield College*, 88 F.3d 300, 305 n.4 (5th Cir. 1996). Here, while Mosley and Hills allege that defendant retaliated against them for engaging in protected activity, such allegations are wholly conclusory in nature. There is simply no factual allegation in the second amended complaint that outlines *any protected activity*. As an example, there are no factual allegations that either plaintiff actually complained to defendant about any of its practices. "'Title VII prohibits retaliation against employees who engage in protected conduct,' such as filing a charge of harassment or discrimination." *Spencer v. Schmidt Elec. Co.*, 576 Fed. Appx. 442, 448 (5th Cir. 2014) (quoting *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 325 (5th Cir. 2002)). Mosley and Hills filed their charges after their termination. And that defendant may have threatened all carpenters with

9

disciplinary action if they complained of Mosley's allegations is of no moment. "Threats of retaliation that do not significantly alter conditions of employment are generally not enough for a prima facie Title VII case." *Brooks v. Houston Indep. Sch. Dist.*, 86 F. Supp. 3d 577, 586 (S.D. Tex. 2015); *see also Mills v. S. Connecticut State Univ.*, 519 Fed. Appx. 73, 76 (2d Cir. 2013) (holding that verbal threats are not actionable retaliation); *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 568 (2d Cir. 2011) (finding that schedule changes and verbal threats are not materially adverse employment actions supporting a Title VII retaliation claim). There is no allegation that anyone was terminated for having discussed Mosley's allegations; there is thus no "but-for" causation between Mosley's and Hills' termination and Mosley's alleged incident. This argument thus fails.

Mosley and Hills rely on two decisions to support their second argument: *Johnson v. University of Cincinnati*, 215 F.3d 561 (6th Cir. 2000) and *Thompson v. North American Stainless, LP*, 562 U.S. 170 (2011). These cases are, however, inapposite and do not stand for the broad proposition advanced by Mosley and Hills. Plaintiffs cite *Johnson* for the proposition that "the complaint may be made by anyone and it may be made to a co-worker, newspaper reporter, or anyone else about alleged discrimination against oneself or others; the alleged discriminatory acts need not be actually illegal in order for the opposition clause to apply; and the person claiming retaliation need not be the person engaging in the opposing conduct." *Id.* at 580. However, unlike here, the *Johnson* plaintiff *actually* sent letters to members of the defendant's staff voicing his objections to the defendant's practices. *See id.* The Sixth Circuit's earlier statement is thus no more than dicta. Moreover – and as defendant correctly points out – the EEOC Compliance Manual provision on which the Sixth Circuit relied specifically refers to "someone *so closely*

*related to or associated with the person exercising his or her statutory rights* that it would discourage that person from pursuing those rights." EEOC Compliance Manual, (CCH) ¶ 8006 (emphasis added). There is no allegation of such a relationship between Mosley and Hills and Watson and Robert here.

And in *Thompson*, a man sued his employer for retaliation after the defendant fired him for the complaints made by his fiancée who also worked for the defendant. 562 U.S. at 172. Such a holding is completely in line with the statement of the EEOC Compliance Manual that the person terminated must be so closely related to or associated with the person who made the complaint. As noted above, there is simply no such relationship here, and neither *Johnson* nor *Thompson* supports plaintiffs' broader reading under these factual circumstances.

## IV. Conclusion

Accordingly, and for the reasons outlined above,

**IT IS ORDERED** that Defendant's Second Rule 12(b)(6) Partial Motion to Dismiss [Doc. #100] is GRANTED. Mosley's and Hills' claims of retaliation under Title VII, Section 1981, and state law are dismissed with prejudice for failure to state a claim upon which relief can be granted.

New Orleans, Louisiana, this 20th day of December, 2017.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**